UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL M. POLETTA,<br>Plaintiff, | :<br>:<br>: PRISONER |
| v. | : CASE NO. 3:11-cv-660 (CFD)<br>: |
| DR. MONICA FARINELLA, ET AL.,<br>Defendants. | :<br>:<br>: |

**INITIAL REVIEW ORDER**

The plaintiff, Daniel M. Poletta, is currently incarcerated at Corrigan Correctional Institution ("Corrigan") in Uncasville, Connecticut. He has filed a complaint *pro se* under 42 U.S.C. § 1983 naming Dr. Monica Farinella, Lieutenant Ballaro, Correctional Officer Haney and Nurse Yvonne as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked

assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on June 4, 2010, he was admitted to Corrigan. On December 5, 2010, he began to experience pain and swelling in his right ear. As the day progressed, the pain intensified and his vision became impaired. The plaintiff alleges that over the next ten days, the defendants failed to promptly and properly treat this condition and he suffered searing pain in his right ear, sleep deprivation, severe headaches and vision impairment. He also claims that the symptoms persist.

For relief, the plaintiff seeks monetary damages and injunctive relief from the defendants in their individual and official capacities. To the extent that plaintiff sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Pursuant to its review under 28 U.S.C. § 1915A, the court concludes that the case should proceed at this time as to the claims of deliberate indifference to medical needs against the defendants in their individual capacities and against the defendants

2

in their official capacities to the extent that the plaintiff seeks injunctive relief.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims the defendants for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment claims of deliberate indifference to medical needs shall proceed against the defendants in their individual capacities and in their official capacities to the extent that plaintiff seeks injunctive relief.

(2) Within **fourteen (14) days** of this order, **the U.S. Marshals Service shall** serve the summons, a copy of the Complaint [doc. #1] and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Within **fourteen (14) days of this Order**, **the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work address for each defendant and mail waiver of service of process request packets to each of these defendants in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the

complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED.**

Dated at Hartford, Connecticut this 14th day of October, 2011.

/s/ Christopher F.Droney
Christopher F. Droney
United States District Judge