UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL M. POLLETTA,<br>*Plaintiff*,<br><br>v.<br><br>MONICA FARINELLA, et al.,<br>*Defendants*. | Civil No. 3:11cv660 (JBA)<br><br><br><br>December 10, 2012 |

**RULING ON MOTION TO DISMISS**

Plaintiff Daniel M. Polletta, proceeding pro se, filed suit against Dr. Farinella, Lieutenant Ballaro, Correctional Officer Haney, and Nurse Marceau, alleging violations of his Eighth Amendment rights for actions by Defendants response to his requests for medical attention due to serious swelling and pain in Plaintiff's right ear. On September 17, 2010 Defendants moved [Doc. # 18] to dismiss the action for failure to state a claim under Rule 12(b)(6). Plaintiff's opposition was to be filed on or before October 8, 2012. (*See* Notice to *Pro Se* Litigant [Doc. # 20]). As of December 10, 2012, plaintiff Daniel M. Polletta has neither filed his opposition to Defendants' Motion to Dismiss, nor sought extension of time within which to do so.

Under this Court's local rules, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. R. 7(a)1. For the reasons that follow, Defendants' unopposed motion to dismiss will be granted.

**I.     Facts**

Plaintiff alleges that starting in December 2010 he began to experience "marked physical pain in his ear," and his right ear "had swollen to an unusual size accompanied

with an unbearable searing pain." (Compl. [Doc. # 1] at 7.) At about 8:30 or 9p.m. on December 5, 2010, Plaintiff saw "medical" and "Nurse Yvonne [Marceau] examined plaintiff's ear and said it looked like a 'spider bite.'" (*Id.* at 8.) Defendant Marceau then took Plaintiff's blood pressure and monitored his heart rate, and gave Plaintiff a "Sulfa/Trimeth DS to stabilize the condition" in his ear. (*Id.*)

The next day, December 6, 2010, Plaintiff's condition got worse. His was given another Sulfa/Trimeth DS in the morning, and that afternoon, Dr. Farinella examined him in the Medical Unit, and gave him another Sulfa/Trimeth DS, which Plaintiff alleges "was proving to be fruitless." (*Id.* at 8–9.) On December 7, 2010, Plaintiff went to the "medical line" at 9a.m. and was given another dose of the medication that had been prescribed to him. (*Id.*) Plaintiff alleges that at 7:30 p.m. that same day, he notified Correctional Officer Haney that he had vomited in his cell and wished to go to "medical," and that C.O. Haney did not call medical, and instead "returned to his station and finished reading his newspaper." (*Id.*) Twenty minutes later, Plaintiff alleges that Lieutenant Ballero was touring the unit, and when Plaintiff notified Ballero that C.O Haney had ignored his requests for medical attention, Ballero mocked Plaintiff's condition and walked away. (*Id.* 9–10.)

Later in the evening on December 7, a male nurse came into Plaintiff's unit, and Plaintiff again requested medical assistance. (*Id.* at 10–11.) Around 9p.m., the nurse took Plaintiff's blood pressure and noted his heart rate, which were both "simultaneously and abnormally high." (*Id.* at 11.) The nurse suggested that Plaintiff continue taking Sulfa/Trimeth DS. (*Id.*)

Plaintiff's condition did not improve, and he continued to be examined by Dr. Farinella on a daily basis. On December 9, he was taken off two medications, Cephalex N,

2

Cipro, due to their alleged "effect on his stomach" and the medications' "non–effect on his ear." (*Id.* at 13.) Dr. Farinella instead prescribed Plaintiff a "steroid and cortisone." On December 10, Dr. Farinella consulted with an ear nose and throat resident at John Dempsey Hospital. (*See* Dr. Farinella's Notes, Attached to *id.* at 33.) On December 13, Dr. Farinella prescribed Plaintiff prednisone and Zantac (*see* Physician's Orders, attached to *id.* at 23), and scheduled Plaintiff an IV for the following day (*id.*). Dr. Farinella consulted againt with the ear nose and throat resident, who told her that it "could take a few more days to get better," but to continue him on the prednisone. (*See* Dr. Farinella's Notes at 32.) Plaintiff demanded that he be taken to an outside hospital, but his requests were refused.

As a result of Defendants' alleged conduct, Plaintiff seeks compensatory damages of more than $75,000, punitive damages, and that Defendants be enjoined from subjecting him to "experimental treatment" and that Defendants provide him with "practical and reasonable medical conditions and care." (*Id.* at 17.)

## II.   Discussion[1]

Defendants move to dismiss Plaintiff's Complaint, alleging that Plaintiff's allegations fail to state a claim for deliberate indifference to medical need. "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner

---

[1] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

must prove 'deliberate indifference to [his] serious medical needs.' " *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003); *see also Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). The standard for deliberate indifference incorporates both objective and subjective elements: "[t]he objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Id.*; *see also Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996).

### A. Defendants Marceau and Farinella

As to Defendants Marceau and Farinella, Plaintiff fails to state a claim for deliberate indifference to his medical needs because, while Plaintiff alleges that he was in "searing" pain for a number of days in December 2010, Plaintiff's own allegations show that Marceau and Farinella were working to treat Plaintiff's condition. Dr. Farinella consulted with an ear, nose and throat specialist, and prescribed multiple medications in order to alleviate Plaintiff's suffering.

There is no constitutional right to the treatment of one's choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). That Plaintiff did not receive the treatment of his choice, i.e., being taken to an outside hospital, is insufficient to state a claim for deliberate indifference. Plaintiff's allegations that Dr. Farinella and Nurse Marceau should have treated his condition differently are similarly insufficient to rise to the level of deliberate indifference:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 106. Here, Plaintiff has not alleged acts or omissions on the part of Dr. Farinella and Nurse Marceau that show that these Defendants acted with deliberate indifference to his medical needs. In fact, the allegations of the complaint show that Dr. Farinella met with Plaintiff on a daily basis, prescribed him several different types of medication and attended to his complaints, and even consulted with an outside doctor. Thus, these allegations fail to state a claim for deliberate indifference.

### B. Defendants Haney and Ballero

As to Defendants Haney and Ballero, Plaintiff's alleges that over the course of an hour and a half on December 7, 2010, both deliberately refused to get him medical assistance. While the Supreme Court has held that deliberate indifference can include indifference "manifested by . . . prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," *Estelle*, 428 U.S. at 105,

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837, 114 S.Ct. 1970. Plaintiff does not allege that Haney and/or Ballero knew that "a substantial risk of serious harm" to Plaintiff existed, nor that they knowingly disregarded that "excessive risk." Further, the allegations state that Plaintiff received medical attention an hour and a half later that same evening, during which time his blood pressure and heart rate were recorded and monitored, and he was given another dose of the medication which he had been prescribed earlier. No harm is alleged to have resulted from the conduct of Ballero and Haney other than causing a delay of 1.5 hours in treatment by the nurse. This does not rise to the level of conduct that

would be "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. Thus, Plaintiff's complaint fails to state a claim for deliberate indifference to medical need as to Defendants Haney and Ballero.

### III.    Conclusion

After full review of Defendants' unopposed motion and Plaintiff's Complaint, the Court concludes that the pleadings do not provide sufficient grounds to deny the motion, and thus, Defendants' Motion to Dismiss [Doc. # 18] is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of December, 2012.